**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **MEDIA BRIDGE, LLC,** § § § **Plaintiff,** § § v. § **Civil Action No. _____** § **CLEAR CHANNEL OUTDOOR** § **HOLDINGS, INC. and** § **BLUE BITE LLC,** § **Jury Trial Demanded** § **Defendants.** § § | |

## COMPLAINT

Plaintiff MEDIA BRIDGE, LLC ("Media Bridge" or "Plaintiff") files this Complaint against CLEAR CHANNEL OUTDOOR HOLDINGS, INC. ("Clear Channel") and BLUE BITE, LLC ("Blue Bite") (collectively the "Defendants") for infringement of U.S. Patent No. 7,065,559 (the "'559 Patent").

### I.  PARTIES

1. Plaintiff Media Bridge is a limited liability company existing under the laws of Florida, with its principal place of business at 8230 210th Street South, Boca Raton, Florida 33433.

2. Defendant Clear Channel is a corporation organized and existing under the laws of Delaware, and may be served with process by serving The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

3.  Defendant Blue Bite is a limited liability company organized and existing under the laws of Delaware, and may be served with process by serving The Company Corporation, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

## II.   JURISDICTION AND VENUE

4.  This is an action for patent infringement which arises under 35 U.S.C. §§ 271, 281, 284 and 285. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§1331 and 1338(a).

5.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b). On information and belief, Defendants are organized and incorporated under the laws of this State, are deemed to reside in this judicial district, have committed acts of infringement in this judicial district, have purposely transacted business involving their accused products in this judicial district, and/or have a regular and established places of business in this judicial district.

6.  Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process as Defendants are organized and incorporated under the laws of this State. Defendants have also established minimum contacts with the forum state of Delaware. Defendants have and/or do, directly and through intermediaries, ship, distribute, offer for sale, sell, advertise, operate and use their interactive mobile advertising platform in the United States and the State of Delaware.

7.  The Defendants have been joined in one action because Plaintiff's right to relief is asserted against the Defendants jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused

product or process and questions of fact common to all Defendants will arise in the action. Upon information and belief, the Defendants produced and offered for the sale the accused apparatus and method through a joint effort. Specifically, Clear Channel partners with Blue Bite to have Blue Bite provide the back-end technology of their accused interactive mobile advertising platform.

### III. FACTUAL BACKGROUND

8. Mr. David Weiss, the inventor of the '559 Patent, conceived the inventions underlying the '559 Patent in response to his prediction that tangible forms of media would eventually be replaced by computer media available via the internet. Consequently, Mr. Weiss developed a system for and method of bridging the gap between the tangible media of the day with the computer media of the future. This "Media Bridge," as it would come to be known, was developed to increase the vitality and the value of both tangible and computer media, and ultimately resulted in Mr. Weiss' '559 Patent.

9. The '559 Patent is generally directed to an apparatus and method for linking tangible media and computer media. The claimed apparatus and method use codes associated with tangible media, i.e. media discernible by the human senses without the need for a computing device, to allow a user to access additional information related to the tangible media object via computer media. A user of the apparatus or method can utilize an internet-connected smartphone to receive a code from a tangible media object, wherein the code is transmitted over the internet in order to return specified computer media to the user's smartphone.

3

## IV.     PATENT INFRINGEMENT

## <u>COUNT I — INFRINGEMENT OF U.S. PATENT 7,065,559</u>

10.     Plaintiff is the assignee of the '559 Patent, entitled "MEDIA BRIDGE METHOD AND APPARATUS," and holds all substantial rights in the same.  Among other rights, Plaintiff maintains the exclusive right to exclude others, the exclusive right to enforce, sue and recover damages for past and future infringements, and the exclusive right to settle any claims of infringement. A true and correct copy of the '559 Patent is attached as Exhibit A.

11.     Defendants have directly infringed and continue to infringe one or more claims of the '559 Patent in this judicial district and elsewhere in the United States by, among other things, making, having made, using, offering for sale, and/or selling the claimed apparatus and methods for providing a bridge between tangible media and computer media.  At a minimum, Defendants have been, and now are, infringing claims of the '559 Patent, including (for example) at least claims 1 and 42, by making, having made, and/or using Connect—Clear Channel's interactive mobile advertising platform—and mTag—Blue Bite's advertising platform.

12.     Defendants have knowledge of the '559 Patent at least as early as the date of service of this Complaint.

13.     Defendants have indirectly infringed the '559 Patent by inducing the infringement of the '559 Patent.  With knowledge of the '559 Patent, Defendants direct and aid their customers in using the infringing method by the provision of their advertising platforms, sale of advertising infrastructure and related equipment, and provision of instruction and support to customers with knowledge that the induced acts constitute patent infringement. Defendants possess specific intent to encourage infringement by their customers.

14. Plaintiff alleges that each and every element is literally present in the accused apparatus and methods. To the extent not literally present, Plaintiff reserves the right to proceed under the doctrine of equivalents.

15. Plaintiff has been damaged as a result of Defendants' infringing conduct. Defendants are thus liable to Plaintiff in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## V.    JURY DEMAND

16. Plaintiff demands a trial by jury of all matters to which it is entitled to trial by jury, pursuant to FED. R. CIV. P. 38.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Media Bridge, LLC prays for judgment and seeks relief against Defendants as follows:

a. Judgment that one or more claims of U.S. Patent No. 7,065,559 have been infringed, either literally and/or under the doctrine of equivalents, by Defendants;

b. Judgment that Defendants account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendants' infringing activities and other conduct complained of herein;

c. That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

e. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated:   February 3, 2015.                    Respectfully submitted,

                                              FARNAN LLP

                                              /s/ Michael J. Farnan_____
                                              Brian E. Farnan (Bar No. 4089)
                                              Michael J. Farnan (Bar No. 5165)
                                              919 North Market Street
                                              12th Floor
                                              Wilmington, DE 19801
                                              Telephone: 302-777-0300
                                              Facsimile: 302-777-0301
                                              bfarnan@farnanlaw.com
                                              mfarnan@farnanlaw.com

Of Counsel:
Andrew G. DiNovo
Jay D. Ellwanger
**DiNovo Price Ellwanger & Hardy LLP**
7000 N. MoPac Expressway, Suite 350
Austin, Texas  78731
Telephone:  (512) 539-2626
Telecopier:  (512) 539-2627
adinovo@dpelaw.com
jellwanger@dpelaw.com

                                              **ATTORNEYS FOR PLAINTIFF**
                                              **MEDIA BRIDGE, LLC**